Phillip S. Oberrecht (ISB No. 1904)
Jason R. Mau (ISB No. 8440)
GREENER BURKE SHOEMAKER OBERRECHT P.A.
Counselors and Attorneys at Law
950 West Bannock Street, Suite 950
Boise, ID 83702
Telephone: (208) 319-2600
Facsimile: (208) 319-2601
Email: poberrecht@greenerlaw.com
       jmau@greenerlaw.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JONATHAN L. SCHMECK,<br><br>               Plaintiff,<br><br>vs.<br><br>STAKER & PARSON COMPANIES,<br>dba IDAHO CONCRETE COMPANY,<br>a UTAH corporation,<br><br>               Defendant. | Case No. 12-CV-490-REB<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY** |

Defendant Staker & Parson Companies, dba Idaho Concrete Company ("Defendant"), submits the following Memorandum in Support of its Motion to Exclude Expert Testimony and Motion for Sanctions pursuant to District of Idaho Local Rule 7.1.

# I. FACTUAL BACKGROUND

Plaintiff Jonathan L. Schmeck ("Plaintiff") filed the current lawsuit in state court in August 2012, alleging causes of action for Interference with FMLA Rights, Discrimination pursuant to 29 U.S.C. § 2615(a)(2), and Violation of Public Policy. (Dkt. 1.) The matter was removed to the U.S. District Court for the District of Idaho on September 20, 2012, and Defendant filed its Answer to Plaintiff's Amended Complaint on October 3, 2012. (Dkts. 1, 6.) On October 22, 2012, a Case Management Order was filed, setting discovery deadlines for the case. (Dkt. 11.) The deadlines applicable to Defendant's Motion are the deadlines for initial disclosures and expert witness disclosures. The Initial Disclosure deadline was set for November 6, 2012. (Dkt. 11, ¶ 1.) Regarding expert disclosures, the Order states that the "Plaintiff shall make expert witness disclosures, and provide copies of expert reports, pursuant to District of Idaho Local Civil Rule 26.2(b) and Federal Rule of Civil Procedure 26(a)(2)(B), on or before April 15, 2013. (Dkt. 11, ¶ 3c.) The deadline for Defendant's expert witness disclosures is set as June 14, 2013. (Dkt. 11, ¶ 3d.)

Plaintiff served its Initial Disclosures on Defendant, stating that he was entitled to an amount of damages to be proven at trial. (Affidavit of Phillip S. Oberrecht ("Oberrecht Aff."), Ex. A, 2-3.) He also stated that he anticipated retaining the services of economist, Richard A. Slaughter, to determine a more accurate damages figure. (*Id*. at 3.) Additionally, in response to Defendant's First Set of Interrogatories and Requests for Production of Documents ("Defendant's Discovery") seeking the identity of each person Plaintiff intends to call as an expert witness in this matter, Plaintiff responded with contact information for Richard A. Slaughter. (Oberrecht Aff., Ex. B, 4.) In response to Defendant's request for the substance of the opinions and information the expert has considered, Plaintiff responded that "no report has

been prepared." (*Id.*) Plaintiff indicated that the discovery request would be supplemented "in accordance with the Court's Case Management Order." (*Id.*) Also, in response to an interrogatory seeking the itemization of damages, Plaintiff replied with the general categories of damages he alleges entitlement to, and stated that he was "in the process of compiling this information and this Answer will be supplemented." (Oberrecht Aff., Ex. B at 8.) The Plaintiff has not supplemented the answers to these interrogatories. (Oberrecht Aff., ¶ 3.) Finally, Defendant did not receive Expert Disclosures or an expert report from Plaintiff by the date indicated in the Court's Order, nor has it received any such disclosures or supplements regarding experts since that date. ("Oberrecht Aff., ¶ 3.) With this motion, Defendant seeks an Order excluding Plaintiff's expert testimony in support of his present case.

## II. ARGUMENT

### A. Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 16(b) requires a judge to issue a scheduling order with deadlines for the parties to complete discovery. F.R.C.P. 16(b)(2) & (3). The rule also permits a judge to "modify the timing of disclosures under Rules 26(a) and 26(e)(1)" and to "modify the extent of discovery." F.R.C.P. 16(b)(3)(B)(i) & (ii). Rule 26(a) includes the requirements for disclosure of expert testimony. F.R.C.P. 26(a)(2). Normally, a party is required to accompany an expert disclosure with a written expert report. F.R.C.P. 26(a)(2)(B). Local Rule 26.2(b) also requires the disclosure of expert testimony in the form of a written report. The Court's Case Management Order required expert witness disclosures and expert reports pursuant to these Rules.

Further, Rule 16(f)(1)(C), regarding sanctions for pretrial scheduling and management, states that "the court may issue any just orders . . . if a party or its attorney . . . fails to obey a

scheduling or other pretrial order." Among the "just orders" a court is allowed to issue are those pursuant to F.R.C.P. 37(b)(2)(A)(ii)-(vii). F.R.C.P. 16(f)(1). These include the discretion of the court to grant an order prohibiting the disobedient party from introducing designated matters in evidence. F.R.C.P. 37(b)(2)(ii). Rule 37(c) also provides for the exclusion of an expert witness if a party fails to disclose the information required by F.R.C.P. 26(a):

> (1) If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after affording an opportunity to be heard . . . may impose other appropriate sanctions.

F.R.C.P. 37(c); s*ee also Nutrition Outlet, LLC v. Rexall Sundown, Inc.*, CV02-553-S-EJL, 2004 WL 5497705 at *1 (D. Idaho Apr. 30, 2004).

### B. The Disclosure of Plaintiff's Expert Witness in its Initial Disclosures and Discovery Responses Fails to Comply with the Court's Order and is Deficient.

The Court's Case Management Order specifically required that disclosure of plaintiff's expert witnesses comply with District of Idaho Local Civil Rule 26.2(b) and Federal Rule of Civil Procedure 26(a)(2)(B). Plaintiff's expert deadline in this litigation has passed. (*See* Dkt. 11.) Plaintiff took no steps or actions to provide Defendant with the extent of expert information required by disclosure. Nor has Plaintiff taken steps to extend his deadline to provide such information. Plaintiff's initial disclosures and discovery responses to Defendant merely disclosed the identity of Richard A. Slaughter as a potential expert witness. (*See* Oberrecht Aff., Ex. A; Ex. B.)

Although Plaintiff did previously disclose the identity of the expert he intended to use at trial in this matter, he has not disclosed any further information regarding the testimony he anticipates the expert will provide. Defendant has not been provided with a copy of an expert

report, and is unaware of any opinions the expert witness may express at trial in this matter. The expert information disclosed falls short of the obligation placed upon Plaintiff. Accordingly, Plaintiff has failed to comply with the Case Management Order's requirements as to expert disclosures.

### C. The Failure to Provide an Expert Report is Prejudicial to Defendant.

Plaintiff took no steps or actions to provide Defendant with an expert report pursuant to the Court's Case Management Order. Federal Rules of Civil Procedure 26(a)(2) puts an obligation upon all parties to disclose the identity of any expert witness it may use at trial and a written expert report. F.R.C.P. 26(a)(2)(A) & (B). The Notes as to the 1993 Amendment of F.R.C.P. 26(a)(2) state in relevant part that the rule "imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Plaintiff's Complaint seeks damages in relation to his claims under the Family Medical Leave Act. (*See* Dkt. 1.) Plaintiff's disclosures and discovery responses indicate that he is relying on his disclosed expert to provide a definite calculation of damages. However, Defendant has not received any computation of damages from Plaintiff; neither in the form of a supplemental discovery response, nor as part of an expert report. Without such, Defendant has been prejudiced in its preparation of trial for this matter. *See Millenkamp v. Davisco Foods Int'l, Inc.*, No. CV 03-439-S-EJL, 2009 WL 3430180, at *3 (D. Idaho Oct. 22, 2009) (striking party expert where disclosure untimely and prejudicial).

Defendant has retained the services of experts to rebut any testimony that may be provided by Plaintiff's expert, as Plaintiff has indicated he intends to use the services of Richard A. Slaughter, an economist, to calculate damages. (Oberrecht Aff., ¶ 4.) Defendant is obligated under the Case Management Order to provide expert reports by June 14, 2013, but cannot do so

without information regarding the Plaintiff's damages. (Oberrecht Aff., ¶ 5.) Plaintiff's deadline for an expert report has passed, yet no information was provided. Defendant must still meet the discovery deadlines as set by the Court in its Order. Defendant is forced to meet those deadlines moving forward and continue its preparation for trial without materials the Plaintiff was required to provide the Defendant. Therefore, sanctions are proper in this case as no expert report has been filed, and Plaintiff's failure to adhere to the Case Management Order is prejudicial to Defendant.

### D. Rule 37 Provides for Exclusion of an Expert Witness at Trial.

As indicated above, Federal Rules of Civil Procedure 16(f)(1)(C) and 37(c)(1) provide for sanctions where a party has failed to obey a scheduling order or has failed to disclose an expert report. Defendant contends that the failure of Plaintiff to comply with the Case Management Order or to supplement its discovery responses on the subject of expert witnesses by the Court's designated expert disclosure deadline of April 15, 2013 was not justified or is harmless, and it is respectfully submitted that the Court should, on this basis alone, preclude Plaintiff from calling any expert, including those marginally identified in its initial disclosures and discovery responses, from testifying on Plaintiff's behalf on any subject as an expert at trial.

### III. CONCLUSION

Based upon the foregoing, Defendant respectfully requests that its Motion to Exclude Expert Testimony be granted.

DATED THIS _____ day of June, 2013.

          GREENER BURKE SHOEMAKER OBERRECHT P.A.

            /s/ Phillip S. Oberrecht
        By_____
          Phillip S. Oberrecht
          Jason R. Mau
        Attorneys for Defendant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of June, 2013, a true and correct copy of the within and foregoing instrument was served upon:

| | | |
|---|---|---|
| William H. Thomas | ☐ | U.S. Mail, Postage Prepaid |
| Thomas, Williams & Park, LLP | ☐ | Hand Delivered |
| 121 N. 9th Street, Suite 330 | ☐ | Overnight Mail |
| P.O. Box 1776 | ☐ | Telecopy |
| Boise, ID 83701-1776 | ☒ | Email/ECF |
| | | wmthomas@thomaswilliamslaw.com |

/s/ Phillip S. Oberrecht
_____
Phillip S. Oberrecht
Jason R. Mau

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY - Page 7**

19405-002  (577018)