WILLIAM H. THOMAS (ISB 3154)
THOMAS, WILLIAMS & PARK, LLP
121 N. 9th St., Ste. 300
P.O. Box 1776
Boise, ID 83701-1776
Telephone: (208) 345-7800
Fax: (208) 345-7894
wmthomas@thomaswilliamslaw.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JONATHAN L. SCHMECK,<br><br>            **Plaintiff,**<br><br>vs.<br><br>STAKER PARSON COMPANIES, dba<br>IDAHO CONCRETE COMPANY, a<br>UTAH corporation,<br><br>            **Defendant.** | Case No. 12-cv-490-reb<br><br>**PLAINTIFF'S RESPONSES TO<br>DEFENDANT'S FIRST SET OF<br>INTERROGATORIES AND REQUESTS<br>FOR PRODUCTION OF DOCUMENTS** |

### GENERAL OBJECTIONS AND RESPONSES

      1.     The responding party, Jonathan L. Schmeck ("Plaintiff"), by and through his attorneys, hereby answers the Interrogatories and Requests for Production of Documents submitted by Defendant. In providing such answers, the responding party hereby specifically objects to all questions that either directly or indirectly calls for the disclosure or production of privileged material and material subject to work product protection. None of the answers or

information contained herein or provided to the requesting party shall be deemed to be a waiver to such objection.

2. Plaintiff objects to each Interrogatory and Request to the extent it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

3. Plaintiff objects to each Interrogatory and Request to the extent that it invades the Plaintiff's right to privacy protected by federal law and the constitution.

4. Plaintiff's responses to (and any further objections or responses to these discovery requests to their subject matter) are made without waiver of, and with preservation of:

    a. All questions as to competency, relevance, materiality, privilege and admissibility of each response and the subject matter thereof as evidence for any purpose in any further proceeding in this matter (including the trial of this lawsuit), and in any other lawsuit or proceedings:

    b. The right to object to the use of any response, or subject matter thereof, on any ground in any further proceedings in this matter (including the trial of this lawsuit) and in any other lawsuit or proceeding; and

    c. The right to object on any ground at any time to a demand or request for the further response to these or any other discovery requests or other discovery proceedings involving or relating to the subject matter of these requests.

5. Plaintiff objects to Defendant's definitions and instructions to the extent that they seek to impose obligations on Plaintiff beyond those imposed by I.R.C.P. Rule 33.

6. These answers and objections represent Plaintiff's best effort at this early stage of the litigation and are expressly made without prejudice to Plaintiff's right to amend, supplement, correct or clarify the answers as further information comes to light during the course of further investigation and discovery, and as based on expert discovery.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify by name, address, telephone number and occupation each person or entity who possesses knowledge of any fact, record, or circumstance relating to any and all of the plaintiff's claims in this matter and state the substance of said knowledge as best known to you or your attorneys.

**ANSWER TO INTERROGATORY NO. 1:**

1. Jonathan L. Schmeck
   c/o Thomas, Williams & Park, LLP

Mr. Schmeck has knowledge of the allegations contained in this lawsuit.

2. Christina Murphy
   c/o Thomas, Williams & Park, LLP

Ms. Murphy has knowledge of the allegations contained in this lawsuit.

3. Laird Schmeck
   c/o Thomas, Williams & Park, LLP

Mr. Schmeck has knowledge of the allegations contained in this lawsuit.

4. Bob Miller
   Current address unknown

Mr. Miller has knowledge of when Plaintiff notified Defendant of his illness.

5. All witnesses identified by Plaintiff or Defendant in discovery.

**INTERROGATORY NO. 2:** Identify each person you may call as a lay witness in this matter and, as to each, state the substance of the facts to which the witness may testify.

**ANSWER TO INTERROGATORY NO. 2:** Plaintiff has not determined who he intends to call as a lay witness at the trial of this case; however, lay witnesses may include any identified in discovery.

**INTERROGATORY NO. 3:** Identify each person you intend to call as an expert witness in this matter and, as to each, please state the following:

(a) The substance of the opinions to which each expert may testify;

(b) The data or other information considered and/or relied on by each expert witness in forming his or her opinions;

(c) Each expert witness's credentials which you allege qualify him or her as an expert;

(d) A list of all publications authored by each expert within the preceding ten (10) years;

(e) The compensation to be paid to each expert for his or her services and testimony in this case;

(f) A listing of any other cases in which each expert has testified as an expert at trial or by deposition within the preceding four (4) years; and

(g) A description of any exhibits to be used at trial as a summary of or support for the opinions of each expert.

**ANSWER TO INTERROGATORY NO. 3:** Richard A. Slaughter, Ph.D., 907 Harrison Blvd., Boise, ID 83702, (208) 345-9633. At this time no report has been prepared. Plaintiff will supplement this Interrogatory in accordance with the Court's Case Management Order.

**INTERROGATORY NO. 4:** Identify each exhibit you may introduce into evidence in this matter.

**ANSWER TO INTERROGATORY NO. 4:** Plaintiff has not determined what exhibits he intends to offer in the trial of this matter; however, exhibits may include any documents, writings, photographs or other physical evidence provided in discovery.

**INTERROGATORY NO. 5:** Please identify all statements and/or interviews, whether written, typed, video-taped, audio-taped, or otherwise recorded, which you have taken or made or of which you are aware, of yourself or others, which contain any reference to the facts of this matter. As for each statement and/or interview, please state the following:

(a) Date;

(b) Identity of the person who made the statement or was interviewed;

(c) Identity of the person who took the statement or conducted the interview;

(d) All persons present at the time the statement was taken or interview was conducted;

(e) The contents of the statement(s); and

(f) The identities of all persons with copies of such statements and/or interviews.

**ANSWER TO INTERROGATORY NO. 5:** Plaintiff is not aware of any statements or interviews taken or made which contain any reference to the facts of this matter.

**INTERROGATORY NO. 6:** Identify each physician, psychiatrist, psychologist, counselor, hospital, clinic, medical center, physician's assistant, and/or other provider of health care services whose care, treatment, orders, or advice was a reason for your seeking the time off from your employment with S&P and/or any leave you contend was covered by the Family Medical Leave Act which is the subject of this matter.

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS, P. 5

**ANSWER TO INTERROGATORY NO. 6:** Plaintiff objects to this Interrogatory on the grounds that it is outside the scope of discovery and not reasonably calculated to lead to the discovery of admissible evidence pursuant to Dist. Idaho Loc. Civ. R. 26(b)(1). Without waiving said objection, Plaintiff's physician who informed him on December 6, 2010, that he had cancer was Dr. Nic R. Cordum, Digestive Health Clinic, 6259 W. Emerald St., Boise, ID 83704.

**INTERROGATORY NO. 7:** Identify each physician, psychiatrist, psychologist, counselor, hospital, clinic, medical center, physician's assistant, and/or other provider of health care services who provided any certification for the necessity of taking the leave you contend was covered by the Family Medical Leave Act, which is the subject of this matter, and further explain (1) to whom such certification was provided; (2) when such certification was provided; (3) whether the certification was provided orally or in writing; and (4) if the certification was provided in writing, identify any and all documents relating to that certification, including, but not limited to letters, e-mails, medical records, medical reports, or memoranda.

**ANSWER TO INTERROGATORY NO. 7:** Dr. Nic R. Cordum orally informed Plaintiff on December 6, 2010 that he had cancer and would need surgery to remove a portion of his colon and subsequent chemotherapy, necessitating taking time off from work.

**INTERROGATORY NO. 8:** Please state in full and complete detail how you notified S&P that you wished to take leave which you contend was covered by the Family Medical Leave Act, and in that regard please state:

(a) The person you notified;

(b) The date of the notification;

(c) What you stated in the notification;

(d) Whether the notification was written or oral; and,

(e) What, if any, response to your notification was given to you by the person you notified or by any other representative of S&P.

**ANSWER TO INTERROGATORY NO. 8:**

(a)   Kirk Ellingford, Supervisor;

(b)   December 7, 2010 at approximately 6:30 a.m.;

(c)   Plaintiff gave verbal notice to his supervisor, Kirk Ellingford, that he had been informed the previous day (December 6, 2010) that he had cancer, would need surgery to remove a portion of his colon and would require chemotherapy. Plaintiff further informed Mr. Ellingford that, over the next several months from time-to-time, he would be required to take time off from work for the surgery and chemotherapy.

(d)   Oral;

(e)   Mr. Ellingford informed Plaintiff that it was no problem to take the time off for treatment and to take whatever time he needed. Then, on December 8, 2010, Mr. Ellingford called Plaintiff on his cell phone as he was leaving the MRI facility and informed Plaintiff that he was being terminated. However, Plaintiff subsequently discovered that Defendant had notified the company health insurer of his termination on December 7, 2010.

**INTERROGATORY NO. 9:** State in full and complete detail each and every act or omission of S&P which you contend supports any claim for violation of the Family Medical Leave Act and/or any claim for violation of other Federal or Idaho law which you are claiming against S&P in this matter.

**ANSWER TO INTERROGATORY NO. 9:** Please see Amended Complaint filed in this case.

**INTERROGATORY NO. 10:** State in full and complete detail each and every act or omission of S&P which you contend supports any damages you are claiming against S&P in this matter.

**ANSWER TO INTERROGATORY NO. 10:**  Please see Amended Complaint filed in this case.

**INTERROGATORY NO. 11:** Identify and itemize by description and amount any and all damages, special, general, or otherwise, which you expect to prove in this matter, including, but not limited to, any loss of income or benefits, and identify the documentation that is available to substantiate all such damages.

**ANSWER TO INTERROGATORY NO. 11:**  Plaintiff is entitled to back pay (plus interest or an appropriate inflation factor and an enhancement to offset any adverse tax consequences associated with lump sum receipt of back pay), front pay, benefits, and all other damages owed to Plaintiff, plus compensatory and punitive damages.  Plaintiff is in the process of compiling this information and this Answer will be supplemented.

**INTERROGATORY NO. 12:**  Identify any payments or other benefits you have received in connection with the events and/or the injuries, losses, damages or other harm you are alleging in this matter.

**ANSWER TO INTERROGATORY NO. 12:**   Plaintiff is aware of none.

**INTERROGATORY NO. 13:**  State the name, address and telephone number of each and every one of your employers, the dates of such employment, as well as the position and amount of compensation for each and every position held by you since you left S&P, up to and including, the present.

**ANSWER TO INTERROGATORY NO. 13:**   None.

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS, P. 8

**INTERROGATORY NO. 14:** Identify all sources of income, other than from employment, as well as the amount of income from each source, received by you within the last ten (10) years, up to and including, the present.

**ANSWER TO INTERROGATORY NO. 14:** Plaintiff objects to this Interrogatory on the grounds that it is outside the scope of discovery and not reasonably calculated to lead to the discovery of admissible evidence pursuant to Dist. Idaho Loc. Civ. R. 26(b)(1). Without waiving said objection, please see attached income tax records for the years 2007-2010, Social Security Administration disability benefit information, and Liberty Mutual worker's compensation benefit information.

**INTERROGATORY NO. 15:** Do you claim any loss of future income, benefits, or financial contribution as a result of the acts or omissions you are alleging against S&P in this matter? If so, identify the nature and amount of each loss, and specifically set forth the basis upon which you claim each loss and the manner in which each loss has been calculated.

**ANSWER TO INTERROGATORY NO. 15:** Yes. Plaintiff is in the process of identifying and calculating the nature and amounts of loss and this Interrogatory will be supplemented.

**INTERROGATORY NO. 16:** Have you ever made a worker's compensation claim? If so, please provide the following:

    (a) The date on which the claim was made;

    (b) The reason for making the claim and nature of the injuries for which you were claiming compensation;

    (c) Identify the employer;

    (d) State whether the claim was granted or denied;

(e) If your claim was denied, the date of the denial.

**ANSWER TO INTERROGATORY NO. 16:** Plaintiff objects to this Interrogatory on the grounds that it is outside the scope of discovery and not reasonably calculated to lead to the discovery of admissible evidence pursuant to Dist. Idaho Loc. Civ. R. 26(b)(1). Without waiving this objection, Plaintiff made a worker's compensation claim relating to an injury received on December 7, 2010 while working for Defendant.

**INTERROGATORY NO. 17:** Identify every business, corporation, company, government entity, or anywhere else you have submitted an application for employment from the date your employment was terminated by S&P up to and including the present. In addition, identify (1) the specific position(s) applied for, if any; (2) the date of the application; (3) and whether you were offered a position.

**ANSWER TO INTERROGATORY NO. 17:**

1. Brian Wilson, Emmett, Idaho; driver; August/September, 2011; no.

2. Eby Brothers, Boise, Idaho; driver; August/September, 2011; no.

### RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** Please produce all documents, items or things which you referred to in answering the above interrogatories, including all documents which contain a part or all of each such answer, and all documents which you identified in said answer.

**RESPONSE TO REQUEST NO. 1:** Please see attached documents attached hereto and identified as Bates Nos. SCHMECK0001-SCHMECK0073.

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS, P. 10

**REQUEST FOR PRODUCTION NO. 2:** Please produce all reports prepared by all experts you intend to call to testify in this matter, as well as all notes, documents, calculations, writings, and all other data or recorded information considered or relied upon by the expert in forming his or her opinion, plus all exhibits to be used as a summary.

**RESPONSE TO REQUEST NO. 2:** Please see Answer to Interrogatory No. 3.

**REQUEST FOR PRODUCTION NO. 3:** Produce the complete file maintained for this case by any expert you intend to call to testify in this matter, including, but not limited to, all drafts of reports, documents or other materials provided to the expert by you or any third party, any written communications, including e-mails, between you and the expert or the expert and any third party, and any notes or memoranda, if not already produced pursuant to Request No. 2 above.

**RESPONSE TO REQUEST NO. 3:** Please see Answer to Interrogatory No. 3.

**REQUEST FOR PRODUCTION NO. 4:** Please produce all of the exhibits or other demonstrative evidence which you may offer for introduction into evidence or utilize in this matter, including all exhibits identified in your Answer to Interrogatory No. 4 above.

**RESPONSE TO REQUEST NO. 4:** Please see Answer to Interrogatory No. 4 and documents attached hereto and identified as Bates Nos. SCHMECK0001-SCHMECK0073.

**REQUEST FOR PRODUCTION NO. 5:** Please produce a copy of all statements made or taken by you concerning the events which are the subject of your claims in this matter, including all statements and/or interviews identified in your Answer to Interrogatory No. 5 above.

**RESPONSE TO REQUEST NO. 5:** Please see Answer to Interrogatory No. 5.

**REQUEST FOR PRODUCTION NO. 6:** Please produce all statements, reports or other documentation prepared by or taken from any person listed in your Answer to Interrogatory No. 1, if they are different from those produced pursuant to Request No.5 above.

**RESPONSE TO REQUEST NO. 6:** Plaintiff is aware of none.

**REQUEST FOR PRODUCTION NO. 7:** Please produce all medical or hospital records, notes, reports, bills or statements of any healthcare facility, hospital, physician, physician's assistant, surgeon, psychiatrist, psychologist, counselor, and/or other healthcare provider relating to any care, treatment, orders, or advice which was a reason for your seeking the time off from your employment with S&P and/or for your seeking any leave which you contend was covered by the Family Medical Leave Act which is the subject of this matter, including, but not limited to, any such documents generated by providers identified in your answer to Interrogatory No. 6 above.

**RESPONSE TO REQUEST NO. 7:** Plaintiff objects to this Request on the grounds that it is outside the scope of discovery and not reasonably calculated to lead to the discovery of admissible evidence pursuant to Dist. Idaho Loc. Civ. R. 26(b)(1). Without waiving said objection, Plaintiff has requested a copy of his medical record for the date he was informed by Dr. Nic R. Cordum that he had cancer and it will be produced upon receipt.

**REQUEST FOR PRODUCTION NO. 8:** Please produce all documents containing or relating to certification provided by any medical care provider in support of your request for time off from your employment with S&P and/or in support of your request for any leave which you contend was covered by the Family Medical Leave Act which is the subject of this matter, including, but not limited to, any such documents identified in your answer to Interrogatory No. 7 above.

**RESPONSE TO REQUEST NO. 8:** Please see Answer to Interrogatory No. 7.

**REQUEST FOR PRODUCTION NO. 9:** Please produce all documents, notes, records, files, statements, bills, diaries and writings or other documents which you contend support your claim for damages, including all damages identified in your Answer to Interrogatory No. 11 above.

**RESPONSE TO REQUEST NO. 9:** Please see Answer to Interrogatory No. 11.

**REQUEST FOR PRODUCTION NO. 10:** Please produce all documents which document or record in any manner all income received by you from any source, other than employment, for the previous ten (10) years.

**RESPONSE TO REQUEST NO. 10:** Plaintiff objects to this Request on the grounds that it is outside the scope of discovery and not reasonably calculated to lead to the discovery of admissible evidence pursuant to Dist. Idaho Loc. Civ. R. 26(b)(1). Without waiving said objection, please see attached (i) income tax records for the years 2007-2010 identified as Bates Nos. SCHMECK0001-SCHMECK0044; (ii) Social Security Administration disability benefit information identified as Bates Nos. SCHMECK0059-SCHMECK0065; and (iii) Liberty Mutual worker's compensation benefit information identified as Bates Nos. SCHMECK0048-SCHMECK0058 and SCHMECK0066-SCHMECK0068.

**REQUEST FOR PRODUCTION NO. 11:** Please produce your complete State and Federal tax returns and supporting schedules and attachments for the past ten (10) years, including, without limitation, all W-2's, 1099's and any other wage income statements.

**RESPONSE TO REQUEST NO. 11:** Plaintiff objects to this Request on the grounds that it is outside the scope of discovery and not reasonably calculated to lead to the discovery of admissible evidence pursuant to Dist. Idaho Loc. Civ. R. 26(b)(1). Without waiving said

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS, P. 13

objection, attached are Plaintiff's tax returns for the years 2007-2010 identified as Bates Nos. SCHMECK0001-SCHMECK0044. Plaintiff was not required to file tax returns for 2011 or 2012.

**REQUEST FOR PRODUCTION NO. 12:** Please produce all journals, diaries, summaries, notes, letters, e-mails, day planners, calendars, or other written material prepared by you which document or reference in any manner any facts or matters related to the facts or circumstances surrounding this matter or any alleged injuries, losses, or claims for damages.

**RESPONSE TO REQUEST NO. 12:** Plaintiff is aware of none.

**REQUEST FOR PRODUCTION NO. 13:** For any worker's compensation claim you have identified in your answer to Interrogatory No. 16 above, please produce each worker's compensation claim submitted, all medical records and other information submitted in support of each worker's compensation claim, and all documentation of the decision either awarding or denying each claim.

**RESPONSE TO REQUEST NO. 13:** Plaintiff objects to this Request on the grounds that it is outside the scope of discovery and not reasonably calculated to lead to the discovery of admissible evidence pursuant to Dist. Idaho Loc. Civ. R. 26(b)(1). Without waiving this objection, please see attached Worker's Compensation Complaint relating to the injuries Plaintiff received on December 7, 2010 while working for Defendant, together with the Stipulation and Agreement of Lump Sum Discharge and Order of Approval and Discharge, identified as Bates Nos. SCHMECK0045-SCHMECK0058.

**REQUEST FOR PRODUCTION NO. 14:** Please produce each job application referenced in your answer to Interrogatory No. 17 above, including but not limited to, any such applications which were completed and submitted electronically.

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS, P. 14

**RESPONSE TO REQUEST NO. 14:** Plaintiff is not in possession of the requested job applications.

**REQUEST FOR PRODUCTION NO. 15:** Please execute and return the attached Authorization for Release of Medical Records.

**RESPONSE TO REQUEST NO. 15:** Plaintiff objects to this Request on the ground that it does not constitute a request for production under Fed. R. Civ. P. 34. Plaintiff further objects on the grounds that it is outside the scope of discovery and not reasonably calculated to lead to the discovery of admissible evidence pursuant to Dist. Idaho Loc. Civ. R. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 16:** Please execute and return the attached Informed Consent Release.

**RESPONSE TO REQUEST NO. 16:** Plaintiff objects to this Request on the ground that it does not constitute a request for production under Fed. R. Civ. P. 34. Plaintiff further objects on the grounds that it is outside the scope of discovery and not reasonably calculated to lead to the discovery of admissible evidence pursuant to Dist. Idaho Loc. Civ. R. 26(b)(1).

DATED this 19th day of February, 2013.

THOMAS, WILLIAMS & PARK, LLP

_____
William H. Thomas
Attorney for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on this _19th_ day of February, 2013, I served a copy of the foregoing instrument as indicated below:

Phillip S. Oberrecht      ✓   Via Hand Delivery
Jason R. Mau     ___   Via U.S. Mail
GREENER BURKE SHOEMAKER
   OBERRECHT, P.A.
950 W. Bannock St., Suite 950
Boise, ID 83702

_____
Sherrie L. Wyatt

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS, P. 16